IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BRO T. HESED-EL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV 118-079 |
| | ) | |
| | ) | |
| DISTRICT CLERK SCOTT L. POFF, | ) | |
| | ) | |
| Defendant. | ) | |

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Plaintiff commenced the above-captioned case *pro se* and is proceeding *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

## I.     SCREENING OF THE COMPLAINT

### A.     BACKGROUND

On November 2, 2017, Plaintiff initiated a lawsuit against numerous defendants alleging wrongdoing involving a Wells Fargo home mortgage. Hesed-El v. Federal National Mortgage Association, CV 117-146, doc. no. 1 (S.D. Ga. Nov. 2, 2017) (hereinafter CV 117-

146). Plaintiff later amended his complaint to dismiss all original Defendants and substituted current Defendants in that action, who he alleges committed various civil rights violations. Id., doc. nos. 12, 14. Plaintiff served Defendants on January 26, 2018, and when Defendant McCord failed to answer within the twenty-one days, Plaintiff requested the Clerk enter default against her in accordance with Federal Rule of Civil Procedure 55(a), which the Clerk did on February 22, 2018. (Doc. no. 1, p. 2.) On February 23, 2017, Plaintiff requested the Clerk to enter to enter default judgment for $100,000 against Defendant McCord in accordance with Federal Rule of Civil Procedure 55(b)(1), but, after five minutes of research, the Clerk refused to do so. (Id. at 2-3.)

In an unrelated case, State of Georgia v. Hesed-El, CV 118-037 (S.D. Ga. Mar. 6, 2018) (hereinafter CV 118-037), Plaintiff alleges the Deputy Clerk forwarded the Magistrate Judge's Report and Recommendation ("R&R") to the Chief Judge before the full time for objections to run. (Doc. no. 1, p. 2.) Plaintiff seeks compensatory and punitive damages for these alleged violations. (Id. at 3.)

### B.     DISCUSSION

#### 1.     Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Moreover, "[f]ailure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."

Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## 2. The Clerk of Court Properly Refused to Enter Default Judgment

Plaintiff alleges Defendant, through his Deputy Clerk, refused to enter default judgment in CV 117-146 in violation of Federal Rule of Civil Procedure 55(b)(1). (Doc. no. 1, pp. 2-3.) Contrary to Plaintiff's contention, he was not entitled to Clerk's entry of default.

Entry of default judgment by the Clerk must be either for a "sum certain or for a sum which can by computation be made certain." Fed. R. Civ. P. 55(b)(1). Damages are for a "sum certain" when they are liquidated, i.e. for an agreed amount. United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979)[1]. For a sum to be made computationally certain, "[i]t is not sufficient to simply request a specific amount, rather the amount must be "'reasonable under the circumstances.'" Carter v. Macon Manor NRC, LLC, No. CIV.A. 506CV00030HL, 2007 WL 951419, at *1 (M.D. Ga. Mar. 27, 2007) (quoting Patray v. Nw. Publ'g., Inc., 931 F.Supp. 865, 869 (S.D. Ga. 1996)). A reasonable basis for the award must be established through "a hearing or a demonstration by detailed affidavits establishing the necessary facts." Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985) (quotations omitted).

In his motion for default, Plaintiff did not establish a reasonable basis for the award requested. He merely stated his claim was for the "certain sum of $100,000.00 plus interest" and attached a fee schedule breaking down the requested amount. CV 117-146, doc. no. 24, pp. 2-3. Such a simple breakdown, without any further explanation or factual basis, is not "a demonstration by detailed affidavits establishing the necessary facts." Adolph Coors Co.,

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed

777 F.2d at 1544; see Carter, 2007 WL 951419, at *1 ("[T]he affidavit provided simply alleges the amount of damages without supporting the amount specifically . . . ."). Therefore, the Clerk properly refused to enter default judgment, as Plaintiff must apply to the Court for default, and Plaintiff's claim is meritless. Fed. R. Civ. P. 55(b)(2).

### 3. The Chief Judge Considered and Rejected Plaintiff's Objections

Plaintiff further contends the Clerk forwarded the Magistrate's R&R to the Chief District Judge before the fourteen days of objections were expired in CV 118-037, thereby depriving him of his ability to file complete objections. (Doc. no. 1, p. 2.) However, Plaintiff filed extensive objections to the Magistrate's R&R, as well as a supplemental notice of removal. CV 118-037, doc. nos. 7, 8. The Chief District Judge considered both and found them to be meritless. Id., doc. no. 9. Accordingly, Plaintiff's claim that he was deprived of his right to object to the Magistrate's R&R is without merit.

### 4. Plaintiff Shall Be Required to Pay a Frivolity Bond

In its March 8th R&R, the Court warned Plaintiff, "If he continues to burden the Court with frivolous filings, he may lose his right to proceed IFP without first posting a frivolity bond." Id., doc. no. 5, p. 5. Yet Plaintiff has filed another baseless lawsuit. Thus, sanctions are warranted. Accordingly, for the next sixth months, Plaintiff should be barred from filing any more lawsuits until he first posts a $100 frivolity bond, from which the Court will subtract $100 for the next frivolous lawsuits he filed. See Robbins v. Universal Motown, CV 411-151, doc. no. 4, p. 3 (S.D. Ga. June 27, 2011). Should that not deter Plaintiff from his baseless filings, the

---

down prior to October 1, 1981.

Court may impose stronger filing restrictions in the future. See <u>Robbins v. Universal Music Group</u>, CV 414-230, doc. no. 4, pp. 7-10 (S.D. Ga. Oct. 27, 2014).

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** and this civil action **CLOSED**. Plaintiff shall be required to post a $100 frivolity bond before filing any lawsuit within the next six months.

SO REPORTED AND RECOMMENDED this 1st day of June, 2018, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA