IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| BRO T. HESED EL, | * | |
| Plaintiff, | * | |
| v. | * | CV 118-079 |
| DISTRICT CLERK SCOTT L. POFF, | * | |
| Defendant. | * | |

**O R D E R**

Pending before the Court is Plaintiff's motion to seal. (Doc. 11.) Plaintiff requests that the documents already filed in this case be sealed to prevent embarrassment to the parties and protect certain personal information.

Plaintiff filed this action on May 2, 2018, and simultaneously sought to proceed *in forma pauperis*. (Docs. 1, 2.) The United State Magistrate Judge granted Plaintiff's motion to proceed *in forma pauperis* and screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff alleged the District Court Clerk Scott Poff improperly refused to enter a default judgment in Plaintiff's prior case regarding a home loan and the District Judge did not allow Plaintiff the necessary time to object to a Report and Recommendation entered in the prior case. The Magistrate Judge found these allegations to be without merit and recommended

Plaintiff's claim be dismissed. (Doc. 5 at 6.) After Plaintiff objected, the Court conduced a *de novo* review and adopted the Magistrate Judge's recommendation without further comment. (Doc. 9.) Plaintiff has now made a motion to seal all the documents in this case.

"There is a common-law presumption that judicial records are public documents." Webb v. CVS Caremark Corp., 2011 WL 6743284, at *1 (M.D. Ga. Dec. 23, 2011) (citing Nixon v. Warner Commc'n, Inc., 435 U.S. 589, 597 (1978); Chicago Tribune Co. v. Bridgestone/Firestone, 263 F.3d 1304, 1311 (11th Cir. 2001)). "The operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007) (quotations omitted).

A party can justify a document being sealed by showing good cause. Chicago Tribune Co., 263 F.3d at 1310. Good cause is determined by balancing the historical presumption of access against the movant's privacy interests. Id. at 1311; Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983). Courts consider, among other things: (a) whether allowing access would impair court functions or harm legitimate privacy interests; (b) the degree of and likelihood of injury if the documents were made public; (c)

2

the reliability of the information; (d) whether there will be an opportunity to respond to the information; (e) whether the information concerns public officials or public concerns; and (f) the availability of a less drastic alternative. Romero, 480 F.3d at 1246.

The Court's Local Rules establish the procedure for sealing documents. S.D. GA. L.R. 79.7. A "person desiring to have any matter placed under seal shall present a motion setting forth the grounds why the matter presented should not be available for public inspection." Id. Furthermore, "[t]he permanent sealing of a Court record is not preferred and should be sought only where temporary sealing is not adequate to protect the interest at stake." Id.

After reviewing the docket, the Court finds that Plaintiff has failed to show good cause to seal all documents filed in this case. The only personal financial information included in the docket are contained in Plaintiff's motion to proceed *in forma pauperis*. (Doc. 2.) However, contrary to Plaintiff's contention, no tax identification number, personal address,[1] or financial account numbers are contained in that motion. Further, motions to proceed *in forma pauperis* are routinely filed and entered into the public record in this Court. Such documents are rarely, if ever, sealed.

---

[1] The only personal address appearing anywhere in the docket is Plaintiff's PO Box, which was necessary for service of documents in the case and does not reveal where Plaintiff resides.

3

Likewise, Plaintiff has not demonstrated the need to redact portions of the docket. He contends certain trade secrets, proprietary information, and religious intellectual property should be redacted. The Court disagrees. Plaintiff choose to file this information into the public record when he commenced this lawsuit and has not shown good cause as to why it should be sealed.

Upon due consideration, Plaintiff's motion to seal (doc. 11) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of September, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
~~SOUTHERN~~ DISTRICT OF GEORGIA